IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFSHIN SARBAZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WACHOVIA BANK,<br><br>　　　　Defendant.　　　　　　　　／ | No. C 10-03462 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Wachovia Mortgage[1] ("Defendant") has filed a Motion to Dismiss Afshin Sarbaz's ("Plaintiff") Complaint related to a mortgage loan agreement between the parties. This case has been removed from state court on the basis of diversity jurisdiction. Plaintiff alleges exclusively state causes of action, none of which states a claim. The claims alleging violation of California Civil Code § 2923.5 and § 2923.6 are dismissed with prejudice. All other claims are dismissed without prejudice.

## BACKGROUND

On January 22, 2007, Plaintiff entered into a mortgage contract with Defendant for the refinancing of Plaintiff's home loan. First Am. Cmpl. ("FAC") (Dkt. 1) ¶ 5. Plaintiff believed that the refinance loan had an affordable interest rate that was lower than the rate of

---

[1] Wachovia Mortgage is a division of Wells Fargo Bank and the successor in interest in this case through a merger of Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB.

his previous loans. Id. ¶ 7. Instead, it was an adjustable rate mortgage with negative amortization. Id. ¶ 8.

In January 2008, Plaintiff became unable to make the required payments and began negotiations to modify the loan on or about April 8, 2008. Id. ¶ 10–11. Plaintiff alleges that Defendant's agents advised Plaintiff that, to get the loan modification, Plaintiff needed to stop making monthly payments. Id. ¶ 12.

Plaintiff defaulted on the loan, and a notice of default was posted on June 25, 2008. Mot. to Dismiss (Dkt. 12) at 1. In November 2008, Defendant foreclosed, and a Trustee's Deed Upon Sale was recorded against the property.[2] Id.

The FAC alleges the following causes of action: (1) Violation of the Duties of Good Faith and Fair Dealing; (2) Violation of California Civil Code § 2923.5; (3) Violation of California Civil Code § 2923.6; (4) Unconscionability- Predatory lending (Violation of Business and Professional Code §§ 17200, et. seq.); (5) Misrepresentation and Fraud (Violation of Business and Professions Code §§ 17500, et. seq.); (6) Unjust Enrichment; and (7) Infliction of Emotional Distress.

**STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), Defendant may move to dismiss a cause of action that fails to state a claim upon which relief may be granted. Dismissals are proper where there is a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). In evaluating a motion to dismiss, the court "must presume that all the factual allegations in the complaint are true and draw all reasonable inferences in favor of the pleading party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).

To survive a motion to dismiss, the complaint must contain sufficient factual allegations to be "plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)

---

[2] Plaintiff alleges that foreclosure and sale of the property happened in September 2008. The Notice of Trustee's Sale is dated October 31, 2008, and the Trustee's Deed Upon Sale is dated November 26, 2008. Request for Judicial Notice ("RJN") (Dkt. 13) at Ex. E and F. The Court can take judicial notice of those public records. Fed. R. Evid. 201.

2

(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  That requirement is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." Id.

## DISCUSSION

### I. State Statutes Not Actionable

Plaintiff's claim for violation of California Civil Code § 2923.5 fails because the statute is only actionable for purposes of delaying a foreclosure sale. See Mabry v. Superior Court, 185 Cal. App. 4th 208, 235 (2010). Because the foreclosure sale has already taken place, this claim is not actionable. RJN (Dkt. 13) at Ex. F.

Plaintiff's claim for violation of California Civil Code § 2923.6 also fails because section 2923.6 "merely expresses the *hope* that lenders will offer loan modifications on certain terms." Mabry, 185 Cal. App. 4th at 221. It does not provide a private right of action. See Pantoja v. Countrywide Home Loan, Inc., 640 F. Supp. 2d 1177, 1188 (N.D. Cal. 2009); Runjah v. Wells Fargo Bank, 667 F. Supp. 2d 1199, 1207 (S.D. Cal. 2009).

As such, the section 2923.5 and 2923.6 claims are dismissed with prejudice.

### II. Failure to State a Claim as to Remaining Counts

None of Plaintiff's remaining counts states a claim.

#### A. Violation of the Duties of Good Faith and Fair Dealing

This claim fails because, among other issues, Plaintiff does not specify the contract or agreement to which he is referring, a required element of the claim. See Carma Developers, Inc. v. Marathon Development California, Inc., 2 Cal. 4th 342, 371–75 (1992).

#### B. Unconscionability - Predatory lending (Violation of Business and Professions Code §§ 17200, et. seq.)

This claim fails because Plaintiff does not allege facts that plausibly show that Defendant was engaging in an unlawful, unfair, or fraudulent business act or practice. See Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 619 (1993). Further, to bring claims concerning impropriety in a foreclosure, a plaintiff must allege that he tendered the amount of the secured indebtness. Abdallah v. United Savings Bank, 43 Cal. App. 4th 1101, 1109 (1996); FPCI RE-HAB01 v. E&G Investments Ltd., 207 Cal. App. 3d 1018, 1021

(1989) (citing Arnolds Management Corp. v. Eischen, 158 Cal. App. 3d 575, 578 (1984)). Insofar as this claim attempts to challenge the Deed of Trust and foreclosure sale, it fails because Plaintiff did not allege tender.

### C. Misrepresentation and Fraud (Violation of Business and Professions Code §§ 17500, et. seq.)

The fraud/misrepresentation claim fails because Plaintiff did not plead sufficient facts to indicate how he was misled and what disclosures were not made. In addition, Plaintiff fails to allege how the statements made would likely deceive the public. See Chern v. Bank of America, 15 Cal. 3d 866, 876 (1976). Plaintiff's allegation that nondisclosure constituted fraud is also insufficient because failure to disclose material facts "is not actionable fraud unless there is some fiduciary or confidential relationship giving rise to a duty to disclose." Kovich v. Paseo Del Mar Homeowners' Ass'n, 41 Cal. App. 4th 863, 866 (1996).

### D. Unjust Enrichment

This claim fails because Plaintiff does not explain how Defendant's conduct amounted to unjust retention of property. Plaintiff entered into a loan agreement with Defendant and was required to make payments. He failed to do so, prompting the foreclosure as provided under the Deed of Trust. An unjust enrichment claim must allege "receipt of a benefit and [the] unjust retention of the benefit at the expense of another." Peterson v. Cellco Partnership, 164 Cal. App. 4th 1583, 1593 (2008). Moreover, Plaintiff must, and has not, allege tender because this claim seeks to challenge the foreclosure sale. See Abdallah, 43 Cal. App. 4th at 1109; FPCI RE-HAB01, 207 Cal. App. 3d at 1021 (citing Arnolds Management Corp., 158 Cal. App. 3d at 578).

### E. Infliction of Emotional Distress

The emotional distress claim fails because Plaintiff does not specify whether it is for negligent infliction of emotional distress or intentional infliction of emotional distress. If Plaintiff is pleading negligent infliction of emotional distress, he must allege facts that Defendant extended its conventional role as a mere lender, giving rise to a duty. See Nymark v. Heart Fed. Savings & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991). If the claim is for intentional infliction of emotional distress, he must allege facts showing Defendant's conduct

was "outrageous."  See Corales v. Bennett, 567 F.3d 554, 571 (2009).

### III.  Statute of Limitations

The Court does not reach Defendant's statute of limitation arguments because Plaintiff has failed to state a claim.  If this defense is raised again in response to an amended complaint, Defendant should consider attaching the relevant loan documents in addition to the Deed of Trust.

### IV.  Home Owner's Loan Act ("HOLA")

The Court also does not reach Defendant's federal preemption arguments.  However, Plaintiff is cautioned to ensure that any claims in the amended complaint can survive a preemption analysis.  See Home Owners' Loan Act, 12 U.S.C. § 1461–1470 (2006).

## CONCLUSION

For these reasons, Defendant's Motion to Dismiss is GRANTED.  Plaintiff's claims under California Civil Code § 2923.5 and § 2923.6 are DISMISSED with prejudice.  The rest of the claims are DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: November 10, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE