IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFSHIN SARBAZ,<br><br>    Plaintiff,<br><br>  v.<br><br>WACHOVIA BANK,<br><br>    Defendant._____/ | No. C 10-03462 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE** |

This is a mortgage case. The Court dismissed Plaintiff Afshin Sarbaz's First Amended Complaint ("FAC") on November 10, 2010, and Defendant Wachovia Bank now moves to dismiss the Second Amended Complaint ("SAC"). The case concerns Sarbaz's refinance agreement with Wachovia, and he brings claims for (1) breach of the implied covenant of good faith and fair dealing; (2) unfair and fraudulent business practices pursuant to UCL section 17200; and (3) unjust enrichment. See SAC (Dkt. 21).

Wachovia makes three sets of arguments in support of dismissal. First, that Sarbaz's claims should be dismissed for failure to allege tender. Second, that the claims are all preempted by the Home Owner's Loan Act ("HOLA"). Third, that none of the causes of action, even if not barred for failure to allege tender or by preemption, states a claim.

The motion to dismiss is GRANTED with prejudice because the claims are preempted, and, in any case, Sarbaz has failed to state a claim.[1]

---

[1] The Court finds this matter appropriate for disposition without oral argument.

## I.   BACKGROUND[2]

In January 2007, Sarbaz entered into a refinance agreement with Wachovia. SAC (Dkt. 21) ¶ 5. Sarbaz believed that the loan had an affordable interest rate much lower than the rate of his previous loan (the terms of his previous loan are not specifically alleged). Id. ¶ 6. In fact, the interest rate was "much higher than the normal interest only program" and "Plaintiff was provided no economic benefit whatsoever." Id. ¶ 7. Sarbaz paid $57,542 as a down payment with the expectation that his monthly payments would be lowered from $7,800 to $6,300. Id. ¶ 5.

The key terms of the new loan, as set forth in the Fixed Rate Mortgage Note, were as follows: (1) a principal amount of $860,000; (2) fixed interest at 7% per annum; (3) initial monthly payments starting at $3,375.73, which were "selected by [Sarbaz] from a range of initial payment amounts approved by [Wachovia] and [which] may not be sufficient to pay the entire amount of interest accruing on the unpaid Principal balance"; and (4) periodic payment amount changes to ensure a payment "sufficient to pay the unpaid principal balance together with interest, including any deferred interest . . . by the Maturity Date." Request for Judicial Notice ("RJN") (Dkt. 23) Ex. A ¶¶ 1, 2, 3(A), 3(D).

In or around January 2008, Sarbaz become unable to make his mortgage payments. SAC (Dkt. 21) ¶ 10. He began negotiations to modify his loan in April 2008 but was told by Wachovia's agents that he had to stop making monthly payments to obtain a modification. Id. ¶¶ 11-12. Sarbaz stopped making monthly payments in reliance on this advice, but Wachovia did not offer a loan modification. Id. ¶ 12. Wachovia foreclosed in the fall of 2008. Id. ¶ 15.

Sarbaz filed suit in state court, and the matter was removed here on August 6, 2010. This Court granted a motion to dismiss the FAC on January 18, 2011, dismissing certain claims with prejudice and certain claims without prejudice. Sarbaz filed the SAC on January 2, 2011, and Wachovia moved to dismiss it on January 18, 2011.

---

[2] As this matter comes before the Court on a motion to dismiss, the facts are presented in the light most favorable to Plaintiff and are drawn from the SAC or judicially noticeable materials included in Wachovia's motion to dismiss.

2

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in a complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Detailed factual allegations" are not required, but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). According to the Supreme Court, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949-50. In determining facial plausibility, whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

## III. DISCUSSION

### A. Plaintiff is Not Challenging the Deed of Trust or Foreclosure Sale, But to the Extent He is, Such Challenge is Barred Because He Does Not Allege Tender

Sarbaz states in his Opposition to Wachovia's Motion to Dismiss that "Defendants are mistaken in their allegation that Plaintiff is challenging the Deed of Trust or the foreclosure sale." Opp'n to Defs.' Mot. to Dismiss SAC (Dkt. 24) at 4. Accordingly, to the extent the SAC purports to state a claim challenging the Deed of Trust or the foreclosure sale, such claim(s) is dismissed with prejudice because (1) Sarbaz, by his own admission, is not attempting to state such claim; and (2) such claim would be barred in any case for failure to allege tender. See Karlsen v. Am. Savings and Loan Ass'n, 15 Cal. App. 3d 112, 117 (1971).

### B. Sarbaz's Remaining Claims are Preempted

Wachovia argues that Sarbaz's claims are preempted by HOLA. The Court agrees. Pursuant to HOLA, the Office of Thrift Supervision ("OTS") is empowered to promulgate regulations. 12 U.S.C. § 1464(a). OTS regulations are "preemptive of any state law purporting to address the subject of the operations of a federal savings association." 12

3

C.F.R. § 545.2. Among state laws that are preempted are those regarding "terms of credit" and "disclsoure[s]." 12 C.F.R. § 560.2(b)(4) and (b)(9). Thus, Sarbaz's claims are preempted because they are premised on allegations that Wachovia was not sufficiently forthcoming about material terms of the loan and/or provided Sarbaz with a loan that had unfair terms. See generally SAC (Dkt. 21); see also, e.g., Andrade v. Wachovia Mortg., CASE NO. 09 CV 0377 JM, U.S. Dist. LEXIS 34872, *6-*9 (S.D. Cal. Apr. 21, 2009) (finding claims similar to those presented here to be preempted because "as applied, [they] would regulate lending activities expressly contemplated by [] § 560.2(b) . . . .").

Sarbaz argues that his claims are not preempted because 12 C.F.R. § 560.2(c) saves from preemption state laws that "only incidentally affect the lending operations" of a federally chartered savings association. Opp'n to Defs.' Mot. to Dismiss (Dkt. 24) at 5. Because, in his view, his claims have "no connection with any specific disclosure duties or other obligations that would be imposed on [Wachovia] they are not preempted by HOLA." Id. at 7. Sarbaz supports his no-preemption position primarily by reliance on Fenning v. Glenfed, Inc., 40 Cal. App. 4th 1285, 1298-99 (1995).

Fenning does not discuss section 560.2 nor involve a case including allegations like those made here. Rather, Fenning was an action against a bank and brokerage firm that deceptively induced investors to select non-federally insured investments believing that they were safe, insured investments. Fenning does not hold that a plaintiff can bring non-preempted state law claims against a lender where those claims relate directly to "disclosures" – what the bank should have told him before allowing him to take the loan – and "terms of credit" – what the terms of the deal were.

### C. Plaintiff Has Failed to State a Claim

Assuming *arguendo* that his claims are not barred by failure to allege tender and/or preemption, Sarbaz has still failed to set forth a plausible claim for relief.

#### 1. The Implied Covenant of Good Faith Claim

To state a claim for a breach of the implied covenant of good faith and fair dealing, a plaintiff must plead (1) a contract; (2) performance pursuant to the contract (or that

4

performance was excused); (3) a deprivation of a contractual benefit in violation of the parties' expectations at the time of contracting; and (4) damages. Boland, Inc. v. Rolf C. Hagen (USA) Corp., 685 F. Supp. 2d 1094, 1101 (E.D. Cal. 2010).

The alleged breach of good faith here is Wachovia's "actions [that] rendered Plaintiff's performance of the [refinance agreement] impossible because of their misrepresentation of [the] fact that plaintiff was obtaining a loan with a lower rate and lower monthly payments." SAC (Dkt. 21) ¶¶ 18, 31. The fundamental problem with Sarbaz's claim is that he does not allege that Wachovia failed to act in good faith given the terms of the deal he actually had.[3] Rather, he alleges that he was fraudulently induced to enter into the agreement in the first place. See SAC (Dkt. 21) ¶ 26 ("Plaintiff signed the loan documents in reliance on Defendants' representation that all material facts and the terms of the subject loan were fully disclosed."). But those allegations do not support a claim for breach of the implied covenant of good faith and fair dealing.[4]

### 2. Plaintiff Has Not Stated a Claim Under California Business and Professions Code §§ 17200 or 17500

"The Unfair Business Practices Act defines 'unfair competition' as any 'unlawful, unfair or fraudulent business practice . . . .'" Bank of the West v. Superior Court, 2 Cal. 4th 1254, 1266-67 (Cal. 1992) (citing Cal. Bus. & Prof. Code § 17200). The three prongs of

---

[3] Wachovia appears to misstate the terms of the agreement between the parties. In its motion to dismiss, it quotes the Note as providing that "THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE" and the Deed of Trust as providing that "THIS IS A FIRST DEED OF TRUST WHICH SECURES A NOTE WHICH CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE . . . ." These quotations appear to be incorrect. In fact, neither the Note nor the Deed of Trust appear to say anything about variable interest rates. This makes sense, because Sarbaz signed a "Fixed Rate Mortgage Note" that varied payment amounts and provided for negative amortization but did not vary the interest rate. RJN (Dkt. 23) Ex. A ¶¶ 1 (emphasis added). Wachovia's apparent error does not change the foregoing analysis because Sarbaz has still failed to allege that Wachovia acted in bad faith under the terms of the agreement he actually had.

[4] Even assuming Sarbaz intended to plead fraudulent inducement by another name, he has failed to plead such claim plausibly. The elements for fraudulent inducement are (1) a misrepresentation; (2) knowledge of the falsity of the representation; (3) intent to induce reliance; (4) justifiable reliance; and (5) damage. Stewart v. Ragland, 934 F.2d 1033, 1043 (9th Cir. 1991). Sarbaz has not pleaded the misrepresentation with particularity or how it induced reasonable reliance in light of the plain terms of the agreement.

5

section 17200 (unlawful, unfair, and fraudulent) have different thresholds.  Sarbaz purports to make claims pursuant to the unfair and fraudulent prongs.  SAC (Dkt. 21) ¶¶ 33-50.

A theory of liability under the unfair prong requires that the "unfair business practice [be] one that either 'offends an established public policy' or is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'"  McDonald v. Coldwell Banker, 543 F.3d 498, 506 (9th Cir. 2008) (quoting People v. Casa Blanca Convalescent Homes, Inc., 159 Cal. App. 3d 509, 530 (Cal. Ct. App. 1984)).  There are two tests for deciding what is "unfair" when a consumer sues under section 17200, and California law is unsettled on which is correct.  Lozano v. AT&T Wireless Servs., 504 F.3d 718, 736 (9th Cir. 2007).

Under one test, courts "examine the practice's impact on its alleged victim and balance that impact against the reasons, justifications, and motives of the alleged wrongdoers."  Kowalsky v. Hewlett-Packard Co., No. 10-cv-02176, 2010 U.S. Dist. LEXIS 131711, at *31-*32 (N.D. Cal. Dec. 13, 2010) (citing McKell v. Wash. Mut., Inc., 142 Cal. App. 4th 1457, 1473 (Cal. Ct. App. 2006)).  Under the other test, the unfairness must be tied to a "legislatively declared" policy.  Lozano, 504 F.3d at 736.  The Ninth Circuit in Lozano held that it was not an abuse of discretion by a trial court to apply the balancing test but did not require its use.  Id.  Since then, district courts have used both tests.  Compare Morris v. BMW of N. Am., LLC, No. 07-cv-02827, 2007 U.S. Dist. LEXIS 85513, at *21-*22 (N.D. Cal. Nov. 7, 2007) (requiring a legislatively declared policy) with Kowalsky, 2010 U.S. Dist. LEXIS 131711, at *31 n.6 (using the balancing test).

A theory of recovery based on fraudulent acts requires that "members of the public are likely to be deceived."  Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1152 (9th Cir. 2008).

Sarbaz has not stated a claim under either the unfair or fraudulent prongs of the UCL.

With respect to the unfair prong, Sarbaz has not set forth a legislatively declared policy that Wachovia ran afoul of or plausibly pleaded that Wachovia acted unfairly when balancing the alleged acts with the harm.  Sarbaz relies on conclusory allegations that

1 Wachovia told him his new deal contained certain (unspecified) terms that were better than
2 the (unspecified) terms he already had, but the deal he signed expressly and clearly set forth
3 terms different than those he now alleges he was promised.  Further, although he alleges that
4 he stopped payments to obtain a loan modification, he also alleges that he could not make his
5 payments for financial reasons.  SAC ¶ 10 ("Plaintiff became unable to make the required
6 payments under the contract herein due to a temporary loss of income.").  He does not allege
7 that Wachovia agreed to a modification or what the terms of any such modification were.

8      Nor has Sarbaz adequately pleaded how members of the public would likely be
9 deceived by Wachovia's representations regarding the terms of his loan.  Those terms were
10 unambiguous and were included in plain language in the Fixed Rate Mortgage Note.  RNJ
11 Ex. A.

### 3. Plaintiff Has Not Stated an Unjust Enrichment Claim

13      Sarbaz's claim for unjust enrichment fails for the same reason the rest of his claims
14 fail.  The undisputed terms of his loan with Wachovia set forth (1) a principal amount of
15 $860,000; (2) interest at 7% per annum; (3) initial monthly payments starting at $3,375.73,
16 which were "selected by [Sarbaz] from a range of initial payment amounts approved by
17 [Wachovia] and [which] may not be sufficient to pay the entire amount of interest accruing
18 on the unpaid Principal balance; and (4) periodic payment amount changes to ensure a
19 payment "sufficient to pay the unpaid principal balance together with interest, including any
20 deferred interest . . . by the Maturity Date."  Id.

21      The fact that Sarbaz made a down payment of over $57,000 in connection with the
22 loan does not state an unjust enrichment claim where the terms of the agreement were set
23 forth in plain language.  Wachovia did not get anything other than what Sarbaz agreed to
24 give it.

25 //
26 //
27 //
28 //

7

## IV. CONCLUSION

The SAC is DISMISSED with prejudice. Sarbaz's claims are preempted by HOLA, and in any case he has failed to state a viable cause of action. Moreover, because this was his second opportunity to state non-preempted, viable claims, the dismissal is with prejudice.

**IT IS SO ORDERED.**

Dated: March 3, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE